U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JAN 30 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                                           CRIMINAL NO. 06-50126-01
                                                 JUDGE TOM STAGG
EARNEST MCCRAY, JR.

## MEMORANDUM RULING

Before the court is Earnest McCray, Jr.'s ("McCray") motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. See Record Document 92. Based on the following, McCray's motion is **DENIED**.

## I. BACKGROUND

On July 27, 2006, a federal grand jury returned a five count indictment against McCray. McCray was charged with possession with intent to distribute crack and powder cocaine and possession of firearms during and in relation to drug trafficking crimes. See Record Document 16. The charges resulted from a search of McCray's residence pursuant to a state search warrant. On the morning a jury trial was scheduled to begin, McCray expressed dissatisfaction with his attorney's failure to file a motion to suppress the search warrant that led to his arrest. See Record Document 35. However, following a discussion with the court, McCray entered a guilty plea to all counts. He was sentenced to a term of imprisonment of 240 months. See Record

Document 37. However, the judgment was vacated on appeal by the United States Court of Appeals for the Fifth Circuit and the case was remanded to this court "to enable the Defendant to re-plead and reserving to the Defendant the right to file a motion to suppress evidence seized during a search of his home." Record Document 47. McCray then filed a motion to suppress, which was denied. See Record Document 67. Thereafter, McCray pled guilty to counts one and four of the indictment and was again sentenced to 240 months. See Record Documents 72 and 73. McCray timely appealed his conviction. See Record Document 76. On December 15, 2009, McCray's conviction was affirmed by the Fifth Circuit. See Record Document 90. McCray filed the instant motion on January 16, 2013. See Record Document 92

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 by creating a one-year period of limitation in which to file a section 2255 motion. Section 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

>   United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

McCray filed an appeal which was affirmed in December of 2009. Therefore, his conviction became final ninety days after the date his appeal was affirmed. "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . ." United States v. Johnson, 457 U.S. 537, 542, n. 8, 102 S. Ct. 2579, 2582, n 8. (1982) (quotations and citations omitted). Applying this provision, McCray's section 2255 motion became time-barred in March of 2011–one year plus ninety days from the date his appeal was affirmed. McCray's motion, however, was not filed until of January of 2013, well after the expiration of the time limitation. Therefore, his motion is untimely.

Accordingly, **IT IS ORDERED** that McCray's motion to vacate, set aside, or correct sentence under section 2255 (Record Document 92) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of January, 2013.

_____
JUDGE TOM STAGG