# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-50126 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| EARNEST McCRAY, JR. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence, filed by the Defendant, Earnest McCray ("McCray"). Record Document 106. McCray submits that he is entitled to relief based upon the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). In response, the Government filed a motion to dismiss for lack of jurisdiction. [Record Document 112]. Because the Court lacks jurisdiction over this matter, the Government's motion to dismiss shall be **GRANTED** and McCray's § 2255 motion shall be **DENIED**.

Section 2255(h) provides that a second or successive habeas petition must be authorized by the court of appeal as provided in 18 U.S.C. § 2244. 28 U.S.C. § 2255(h). A petition is considered second or successive when it "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The authorization requirement "serves as a 'gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction.'" Williams v. Thaler, 602 F.3d 291, 301 (5th Cir. 2010) (citing Leal Garcia v.

Quarterman, 573 F.3d 214, 220 (5th Cir. 2009)). Even if a petitioner plausibly satisfies the substantive threshold for obtaining permission to proceed–that is, if he demonstrates his petition either is based on newly discovered evidence that would have been sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty or is based on a new rule of constitutional law that is retroactively applicable to his case–he must nonetheless obtain approval from the court of appeal before proceeding in the district court. 28 U.S.C. § 2255(h); In re Arnick, 826 F.3d 787 (5th Cir. 2016). Without approval from the court of appeal, the district court lacks jurisdiction over a second or successive habeas petition. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

In the instant case, McCray has already filed one habeas petition, which was denied by the Court on the merits. Record Documents 93 & 94. McCray's current motion constitutes a second or successive habeas petition. This Court cannot consider McCray's petition unless and until he obtains approval from the Fifth Circuit.

Accordingly, **IT IS ORDERED** that the Government's motion to dismiss [Record Document 112] is hereby **GRANTED** and McCray's § 2255 motion [Record Document 106] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of November, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

2